74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sharon R. DAYSE, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 95-3554.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1996.
 
 Before RICH, PLAGER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sharon R. Dayse petitions for review of the May 12, 1995 final decision of the Merit Systems Protection Board, Docket No. AT0432940703-I-1, sustaining her removal by the Department of Veterans Affairs ("agency"). Because substantial evidence supports the board's decision and the agency decision was in accordance with the required procedures, we affirm.
 
 DISCUSSION
 
 2
 The agency employed Dayse as a medical records technician at the DVA Johnson Medical Center in Charleston, South Carolina. Her job description contained three critical elements, including a requirement for correctly coding a percentage of patient medical records. On December 10, 1993, Dayse's supervisor informed her that her performance in the coding of patient medical records was unacceptable and gave her notice that she had until February 11, 1994 to demonstrate acceptable performance.
 
 
 3
 For the next nine weeks, Dayse received weekly performance evaluations from her supervisor that showed that her performance remained unsatisfactory. On June 14, 1994, the agency removed Dayse from her position based upon its finding of unacceptable performance during this performance improvement period. Dayse appealed the agency decision to the board.
 
 
 4
 In an initial decision, an administrative judge ("AJ") affirmed the agency's removal action. In particular, the AJ concluded that the agency had proven by substantial evidence that Dayse's performance during the performance improvement period was unacceptable with regard to the coding element of her job. The AJ's initial decision became the final decision of the board when it denied Dayse's petition for review on May 12, 1995. See 5 C.F.R. Sec. 1201.113(b) (1995).
 
 
 5
 Our review of a board decision is limited to determining whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Moreover, when reviewing decisions regarding performance-based actions covered by 5 U.S.C. Secs. 4301-05, "the courts should give deference to the judgment by each agency of the employee's performance in light of the agency's assessment of its own personnel needs and standards." Lisiecki v. Merit Sys. Protection Bd., 769 F.2d 1558, 1562 (Fed.Cir.1985), cert. denied, 475 U.S. 1108 (1986) (quoting S.Rep.No. 969, 95th Cong., 2d Sess. 45 (1978), reprinted in 1978 U.S.C.C.A.N. 2723, 2767).
 
 
 6
 On appeal, Dayse argues that the documentary evidence presented by the agency that summarized Dayse's performance in coding medical records contained many errors. Based on these errors, she concludes that these documents, along with the agency employees who verified the contents of these records, were not credible. Thus, she argues that the board erred in its decision. We disagree.
 
 
 7
 Having reviewed the record, we are fully persuaded that the board's decision is supported by substantial evidence. The AJ carefully considered the evidence presented, including records in which Dayse's supervisor calculated the weekly percentage of coding errors during the performance improvement period. These records are verified by sworn affidavits from Dayse's supervisor. Although Dayse argues that this evidence is not credible, we give great deference to the agency's judgment in this regard because we may not simply reweigh the evidence on appeal. Henry v. Department of Navy, 902 F.2d 949, 951 (Fed.Cir.1990) ("It is not for this court to reweigh the evidence before the Board."). Thus, we hold that the agency presented sufficient evidence such as might be accepted by a reasonable mind as adequate to support the conclusion that Dayse's performance regarding the coding element of her job was unacceptable during the performance improvement period.
 
 
 8
 Dayse also asserts that, pursuant to Article 27 of the Labor Management Agreement between the National Association of Government Employees and the Department of Veterans Affairs, she was entitled to "a 60-day period to demonstrate acceptable performance." She argues that this agreement provides for a performance improvement period of 60 workdays, not 60 calendar days. Because she was given only 39 workdays to demonstrate acceptable performance, she asserts harmful procedural error by the agency.
 
 
 9
 We agree that Dayse was entitled to a 60-day performance improvement period. However, the performance improvement period provided for in the agreement between the National Association of Government Employees and the agency merely specifies a 60-day period, not a period of 60 workdays. Thus, we disagree that she was given only 39 days to demonstrate acceptable performance. Although she only worked 39 days during the performance improvement period, she in fact was given a 63-day performance improvement period.